

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-77,739-03

**EX PARTE CEDRIC DEMICHAEL BUTLER, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W90-01404-T(B) IN THE 283RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was originally charged with aggravated sexual assault of a child. He pleaded guilty to the lesser offense of sexual assault of a child in exchange for two years' deferred adjudication community supervision. His guilt was later adjudicated, and he was sentenced to ten years' imprisonment, but was granted "shock" probation. His probation was eventually revoked, and he was sentenced to eight years' imprisonment. The Fifth Court of Appeals dismissed his appeal for want of jurisdiction. *Butler v. State*, No. 05-92-01177-CR (Tex. App. — Dallas, October 29, 1996).

Applicant contends that his plea was involuntary because the State failed to disclose favorable, material evidence to the defense. *Brady v. Maryland*, 373 U.S. 83 (U.S. 1963); *Ex parte Kimes*, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993). Applicant alleges that during an investigation relating to a motion for post-conviction D.N.A. testing in 2012, it was discovered that a supplemental police report had not been disclosed to the defense at the time Applicant entered his original plea. The supplemental police report contains favorable evidence which, according to Applicant, was material in that had it been timely disclosed, would likely have caused Applicant to plead "not guilty" to the charges.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall supplement the habeas record with copies of all evidence, including police reports and statements, that was provided to the defense before Applicant's plea was entered. The trial court shall make findings of fact as to when and how the supplemental report dated December 7, 1989, was first provided to Applicant. The trial court shall make findings of fact and conclusions of law as to whether the supplemental police report constitutes favorable, material evidence. The trial court shall make findings of fact and conclusions of law as to whether there is

a reasonable probability that had the evidence been disclosed, the outcome of the proceedings would have been different, in that Applicant would not have pleaded guilty to the charges. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 16, 2015
Do not publish